UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MITCHELL WALDROOP, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | 3:01-cv-114 |
| | ) | 3:97-cr-131 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, a petitioner "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner was convicted by a jury of six counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and two counts of making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). He was sentenced to concurrent prison terms of 48 months each on the false statement convictions, to be served consecutive to concurrent prison terms of 120 months each on the felon in possession convictions, for a total effective sentence of 168 months. Petitioner's sentence included a three-level enhancement based upon the number of firearms and a four-level enhancement because he possessed the firearms in connection with another felony offense. Petitioner's

2

convictions were upheld on direct appeal. *United States v. Waldroop*, No. 99-5029, 2000 WL 302779 (6th Cir. March 17, 2000).

In support of his § 2255 motion, petitioner alleges the following: (1) the court erred in taking into consideration four prior convictions in calculating his criminal history score, and in setting his offense level at 31; and (2) his attorney rendered ineffective assistance of counsel at sentencing and on appeal by failing to object to his criminal history score and offense level.

III. <u>Discussion</u>

*A. Alleged Sentencing Errors*

Petitioner alleges the court erred into taking into consideration four prior state court convictions in calculating his criminal history score. According to petitioner, the prior convictions are constitutionally invalid because they were the result of invalid guilty pleas. Petitioner claims that, although he was represented by counsel, he was not advised of the rights he was waiving by pleading guilty.

In *Custis v. United States*, 511 U.S. 485 (1994), the Supreme Court held that neither 18 U.S.C. § 924(e) nor the Constitution permit a defendant to collaterally attack the validity of previous state convictions that are used to enhance his sentence under the Armed Career Criminal Act "with the sole exception of convictions obtained in violation of the right to

3

counsel." *Id.* at 487. *See also United States v. Bureau*, 52 F.3d 584, 594 (6th Cir. 1995) ("Here, Bureau was represented by counsel in the proceedings related to his prior convictions and therefore cannot meet the Supreme Court's narrow exception.").

The Sixth Circuit has held that the reasoning in *Custis* also applies to enhancements under the sentencing guidelines. *United States v. Bonds*, 48 F.3d 184, 196 (6th Cir. 1995). Petitioner admits he was represented by counsel during his state convictions. Accordingly, he could not challenge, during sentencing, the validity of the prior state convictions that were used to enhance his federal sentence, and he cannot use a § 2255 proceeding to do now. *Smith v. United States*, 262 F.3d 537 (6th Cir. 2001); *Turner v. United States*, 183 F.3d 474 (6th Cir. 1999).

Petitioner also alleges the court erred in enhancing his base offense level based upon the number of firearms and upon his use of a firearm in connection with another felony, all as set forth in the presentence report. According to petitioner, there was no factual basis for the relevant conduct and the court did not find the relevant conduct based upon a preponderance of the evidence.

In a superseding indictment, petitioner was charged with possession of four separate firearms, two on separate dates: a Remington 12-gauge shotgun, serial number 230536 (counts one and three), a Bryco Jennings model 58 .380-caliber semi-automatic pistol, serial number 1018725 (count four), a Charter Arms model Bulldog .44 special firearm, serial number 195591 (count five), and a Marlin 30-30-caliber rifle, serial number 18123039

4

(counts six and seven). In the original indictment, petitioner was also charged with possession of five long-barreled firearms.

Although he was not charged with the five long-barreled firearms in the superseding indictment, petitioner admitted his possession of the firearms to witnesses and to Detective Don Farmer of the Campbell County Sheriff's Department. Thus, the possession of the five long-barreled firearms constituted relevant conduct for purposes of determining petitioner's guideline sentence range. U.S.S.G. § 1.B1.3. Accordingly, his possession of those five firearms, in addition to the four he was convicted of, resulted in a three-level increase in petitioner's base offense level pursuant to U.S.S.G. § 2K2.1(b)(1)(C) (1997 version). Petitioner has failed to show that the court "clearly erred in its ... determination of [petitioner's] relevant conduct." *United States v. Hurst*, 228 F.3d 751, 761 (6th Cir. 2000). His sentence was properly enhanced based upon the number of firearms.

Petitioner was also subject to a four-level increase in his base offense level, pursuant to U.S.S.G. § 2K2.1(b)(5), because one of the firearms was possessed in connection with another felony offense. At the time of his conviction in federal court, petitioner had aggravated assault and aggravated kidnaping charges pending against him in state court. The charges involved his ex-wife and daughter, and information from the Bureau of Alcohol, Tobacco, and Firearms indicated that the Bulldog .44 special was used in that incident.

Petitioner now objects to the use of these charges for sentence enhancement because he had not been convicted of the crimes at the time of his sentencing. For a felony offense to be used to increase a base offense level, however, the defendant need not have been

5

convicted of, nor even charged with, the offense. U.S.S.G. § 2K2.1, comment. (n.4) (current version). *See also United States v. Rutledge*, 33 F.3d 671, 674 (6th Cir. 1994) ("U.S.S.G. § 2K2.1(b)(5) provides for an enhancement if the defendant 'used or possessed any firearm or ammunition in connection with another felony offense' -- and it is clear that the defendant need not be charged with or convicted of the other felony offense."). Petitioner's sentence was properly enhanced based upon his possession of a firearm in connection with another felony offense.

*B. Alleged Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), the defendant must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular

6

case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant so as to render the conviction unreliable. *Id*. at 691-92.

Petitioner alleges his attorney should have objected, at sentencing and on direct appeal, to his criminal history score and offense level. As the court has found, however, such objections would have been frivolous. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993). Accordingly, petitioner has failed to meet either prong of the *Strickland* test. Defense counsel did not render ineffective assistance of counsel.

IV. Conclusion

The petitioner is not entitled to relief and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby

7

**CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>United States District Judge