UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )     No.:   3:97-CR-131-TAV-TWP
)
MITCHELL L. WALDROOP, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se Motion for Termination of Supervised Release (Pursuant to The U.S.C. §3583 (E) (1) [sic] [Doc. 98] and Motion to Recognize Commencement and Expiration of Supervised Release (Pursuant to The U.S.C. § 3624 (E) [sic] [Doc. 101]. The government responded in opposition to defendant's first motion [Doc. 100]. For the reasons stated below, defendant's motions [Docs. 98, 101] are **DENIED**.

In his first motion, defendant seeks an order terminating his term of supervised release, stating that he completed his federal sentence on December 31, 2009, and was then released to the custody of the State of Tennessee, where he has continuously remained in state custody [Doc. 98]. Defendant contends that he "has not been released back into society and therefore has not had the opportunity to serve or begin any meaningful terms of supervised release in the community" [*Id.* at 2]. Defendant suggests that, because he has not had the opportunity to reintegrate into society, the continued existence of a federal supervised release term "serves no meaningful rehabilitative or supervisory purpose" [*Id.*].

Defendant thus request that his supervised release term be terminated under 18 U.S.C. § 3583(e)(1) based on the interests of justice and judicial economy [*Id.*].

The government responded that defendant has not satisfied the threshold requirement in § 3583(e)(1), and therefore, the Court lacks authority to grant his motion [Doc. 100, p. 1]. Specifically, the government states that defendant has not met the statutory requirement of having served one year on supervised release [*Id.* at 2].

In his second motion, defendant contends that his term of supervised release commenced upon his release from federal custody in 2009, when he was transferred to the custody of the State of Tennessee to serve a 36-year sentence, and therefore, his federal term of supervised release expired while he was in state custody [Doc. 101].

First, to the extent defendant contends that his term of supervised release began upon his release from federal custody and transfer to state custody, he is incorrect. Section 3624 of Title 18 establishes that a "term of supervised release commences on the day the person is released from imprisonment[.]" 18 U.S.C. § 3624(e). That statute explicitly prohibits defendant's interpretation that "release from imprisonment" could mean release from federal custody and transfer to state custody, specifically stating "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." *Id.* Accordingly, "a term of supervised release generally does not run concurrently to a term of imprisonment, but runs only after imprisonment concludes." *United States v. King*, 33 F. App'x 708, 709 (6th Cir. 2002)

2

(citing *United States v. Johnson*, 529 U.S. 53, 57–58 (2000)); *see also Gabbard v. Green*, No. 0:22-cv-61, 2022 WL 17420770, at *2 (E.D. Ky. Nov. 4, 2022) (concluding that a defendant's supervised release term had not commenced because, upon the completion of his federal sentence, he was immediately transferred into state custody). Thus, the Court finds that, given defendant's own admission that he has remained imprisoned, his term of supervised release has not yet commenced.

Next, to the extent that defendant seeks termination of his supervised release under § 3583(e)(1), that statute states that the court may, after considering certain factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the *defendant released* and the interest of justice[.]" 18 U.S.C. § 3583(e)(1) (emphasis added). But, because defendant's term of supervised release has not yet commenced, he necessarily has not yet satisfied the requirement of serving one year of supervised release under § 3583. And, notably, the language of § 3583(e)(1), referring to a "defendant released," supports the Court's conclusion that defendant's term of supervised release did not commence upon his transfer to state custody. Ultimately, the Court concludes that, because defendant's term of supervised release has not yet commenced, it lacks authority to grant any relief under § 3583(e)(1).

For these reasons, defendant's motions [Docs. 98, 101] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3